Burke Wonnell
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
188 W. Northern Lights Blvd., Suite 700
Anchorage, Alaska 99503
Phone: (907) 646-3400
Fax: (907) 646-3480
Email: burke_wonnell@fd.org

*Counsel for Defendant Dennis George Adams, Jr.*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:23-cr-00396-TSC |
| Plaintiff, | |
| vs. | **SENTENCING MEMORANDUM** |
| DENNIS GEORGE ADAMS, JR., | |
| Defendant. | |

Pursuant to a plea agreement, Defendant pled guilty to one misdemeanor count of Entering and Remaining in a Restricted Building or Grounds in violation of 18 U.S.C. §1752(a)(1). For the reasons articulated below, the Court should impose a sentence of probation as sufficient, but not greater than necessary to meet the §3553(a) criteria.

I. Sentencing Factors

Pursuant to 18 U.S.C. §3553(a), the following factors shall be considered by the Court in determining Defendant's sentence:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed –

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

       (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)    the kinds of sentences available;

(4)    the kinds of sentence and the sentencing range established for –

       (A)    the applicable category of offense committed by the applicable of defendant as set forth in the guidelines-

            (i)    issued by the Sentencing Commission [. . .]

            (ii)    that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced [. . .]

(5)    and pertinent policy statement –

       (A)    issued by the sentencing commission [. . .]

       (B)    that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)    the need to provide restitution to any victims of the offense.

In determining an appropriate sentence under 18 U.S.C. §3553(a), "[t]he court shall impose a sentence sufficient, but not greater than necessary" to satisfy the purposes outlined in subsection (2).  Id.

## II.  Argument

### a.  Advisory Guidelines

There is no dispute with probation's calculation of an advisory guideline sentencing range with reference to a Criminal History Category I, Total Offense Level 2, for an advisory guideline range of 0-6 months.  Since this is within Zone A of the sentencing chart, a "sentence of imprisonment is not required".  U.S.S.G §5C1.1(b).  In well over twenty years of federal practice, this is the lowest offense level undersigned counsel remembers seeing.

b.  Statutory Sentencing Criteria

In applying the §3553(a) criteria to this case, a probationary sentence is appropriate.

1.  Nature and Circumstances of the Offense

The circumstances surrounding the riot at the Capitol on January 6, 2021, are well known to the parties and the Court, and are highlighted in the Presentence Investigation Report at Docket 20, paragraphs 13-19.   Adams showed up to a Trump speech earlier that day.  Being unable to hear the speech, he walked with a friend over to the Capitol. He witnessed the violent confrontation between the rioters and the Metro Police but did not participate in the violence.  He moved with the crowd and entered the Capitol, after watching others breach the Parliamentary Door, at 2:57 P.M.  After being forced out (soon after entering), he re-entered the Capitol at approximately 3:08 P.M. via a doorside full-length window which had been breached by others.  After remaining in the building for less than twenty minutes, he left at 3:26 P.M.  He remained on the grounds observing the continuing riot, then left.  At no point did Adams engage in or encourage violence or rioting; his misconduct is accurately assessed as a violation of the §1752(a)(1) misdemeanor charge of conviction.  This sentencing factor mitigates in favor of a probationary sentence.

2.  History and Characteristics of the Offender

Adams is 49 years old and has no criminal history other than some minor dustups when he was a teenager.  He has a good work history and has run his own contracting

business, building homes in the Enumclaw area and elsewhere, for two and a half years.

He has one employee.  While his business has struggled at points due to the recent

regional economic downturn, he is still plugging away at it.  There is no evidence or

reason to believe that Adams is not an ordinary, decent, and productive member of his

community aside from the offense conduct from one day in 2021.  Based upon his age

and low-level offense conduct, there is no reason to suspect that he will reoffend.  See

The Effects of Aging on Recidivism Among Federal Offenders (ussc.gov)  This sentencing

factor mitigates in favor of a probationary sentence.

Due to his extremely low offense level, lack of criminal history, and limited

involvement in the January 6 riot, Adams ought to receive a sentence of probation.

Should the Court deem that a term of punitive detention is necessary under §3553(a), a

very short term of home detention would be sufficient, but not greater than necessary.

Congress has specifically provided for this form of punishment in 18 U.S.C. §3563(b)

and (b)(19):

> The Court may provide, as further conditions of a sentence of probation, to the
> extent that such conditions are reasonably related to the factors set forth in section
> 3553(a)(1) and (a)(2) and to the extent that such conditions involve only such
> deprivations of liberty or property as are reasonably necessary for the purposes
> indicated in section 3553(a)(2), that the defendant – [. . .] remain at his place of
> residence during nonworking hours and, if the court finds it appropriate, that
> compliance with this condition be monitored by telephonic or electronic signaling
> devices, except that a condition under this paragraph may be imposed only as an
> alternative to incarceration[.]

While the defense believes that a term of home detention is greater than necessary under the sentencing factors, probation with or without home detention would be fair under the circumstances.

### III.  Conclusion

For the aforementioned reasons, a probationary sentence is appropriate.

DATED at Anchorage, Alaska this 6th day of April, 2024.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
DISTRICT OF ALASKA

*/s/ Burke Wonnell*
Burke Wonnell
Assistant Federal Defender

Certificate of Service:

I hereby certify that I electronically filed the foregoing and any attachments with the Clerk of Court for the United States District Court for the District of Columbia by using the district's CM/ECF system on April 8, 2024. All participants in this case are registered CM/ECF users and will be served by the district's CM/ECF system.

*/s/ Burke Wonnell*